**In re Wanda Elaine Gillespie BATES, Debtor.**

**Wanda Elaine Gillespie BATES, Plaintiff,**

v.

**GENERAL MOTORS ACCEPTANCE CORPORATION and Marcus L. Johnson, Trustee, Defendant.**

**Bankruptcy No. SH–B–83–117. Adv. No. 83–363.**

United States Bankruptcy Court, W.D. North Carolina, Charlotte Division.

July 13, 1983.

O. Max Gardner, III, Shelby, N.C., for debtor.

Edmund Pickup, Jr., Charlotte, N.C., for GMAC.

## ORDER

MARVIN R. WOOTEN, Bankruptcy Judge.

THIS CAUSE coming on to be heard and being heard before Marvin R. Wooten, United States Bankruptcy Judge, upon the adversary complaint filed by the Debtor herein requesting a turnover order under 11 U.S.C. § 543; and it appearing to the court, and the court finds as follows:

1. On the 12th day of May, 1981, the Debtor's husband, Billy Dean Bates, purchased a new 1981 4-cylinder Chevrolet 4-door, vehicle identification number 1G1AB6891BA183712 from Smith Chevrolet Company in Gastonia, North Carolina.

2. At that time, Billy Dean Bates executed as buyer and Wanda Elaine Bates, the Debtor herein, executed as co-buyer the document which is attached to the Defendant's answer, marked Exhibit A. That document is a retail installment sales contract providing for a cash price of $6,094.30, with an amount financed of $5,470.23 at 16% annual percentage rate, repayable in 48 monthly installments of $155.03.

3. In connection with the aforesaid transaction, the State of North Carolina Department of Transportation, Division of Motor Vehicles issued a Certificate of Title of Motor Vehicle showing Billy Dean Bates as the owner of the motor vehicle with a lien duly noted to General Motors Acceptance Corporation, the Defendant herein. A true and accurate copy of the Certificate of Title was introduced by Defendant as Exhibit B.

4. The Debtor's testimony indicates that the Debtor's estranged husband, Billy Dean Bates, made all of the payments which were made to General Motors Acceptance Corporation.

5. The Debtor, Wanda Bates, caused a check to be issued by her friend, Donna Lee Elliott, in the amount of $155.03 (one payment) payable to General Motors Acceptance Corporation, which check was not honored.

6. Thus it appears from the evidence of the Plaintiff in this matter as well as the records of General Motors Acceptance Corporation, that the Plaintiff (Debtor) made no payments towards the purchase of the car.

7. On March 29, 1983, General Motors Acceptance Corporation obtained an Order of Attachment against Billy Dean Bates and Wanda Elaine Bates in the General Court of Justice, District Court Division, of Mecklenburg County, North Carolina, File number 83–CVD–3090. On April 5, 1983, the sheriff of Cleveland County levied on the 1981 Chevrolet which is the subject matter of this action.

8. On April 7, 1983 the Debtor filed this Chapter 13 proceeding and made demand upon the Defendant, through its agent, Mr. T.R. Mauldin, to return the possession of the automobile to the Plaintiff.

9. At all times subsequent to the filing of the proceeding, General Motors Acceptance Corporation has refused to authorize

the Sheriff of Cleveland County to return the possession of the automobile to the Debtor herein.

10. On April 20, 1983, the Debtor filed this adversary complaint for turnover order which was served upon General Motors Acceptance Corporation on May 6, 1983.

11. In its answer, General Motors Acceptance Corporation consents to the jurisdiction of this court, regardless of the source of that jurisdiction.

12. On June 17, 1983, the Court heard oral argument on this adversary proceeding and entered an oral decision on the matter. Prior to the entry of a written Order on this proceeding the attorney for the Plaintiff filed a Motion for Relief from Judgment which in fact amounted to a Motion for Reconsideration.

13. On July 1, 1983, the Court again heard oral arguement on the matter after submission of Briefs from all parties who desired to submit Briefs. At the same time, the Debtor again presented oral testimony indicating that her husband had made all the payments on the car; that he had loaned the car to her, that prior to their separation, both the Debtor and her husband had driven the car. That the payments made by her husband for the car did not come from joint funds.

14. The Debtor further testified that she separated from her husband on or about July 10, 1982, and intended to file a proceeding for divorce on or about July 10, 1983 or as soon thereafter as was reasonably practicable.

NOW BASED ON THE FOREGOING FINDINGS OF FACT, the Court makes the following conclusions of Law.

1. 11 U.S.C. § 543 requires a custodian with knowledge of the commencement of the case to deliver to the Trustee any property of the Debtor that is in the custodian's possession, custody, or control.

2. The 1981 Chevrolet automobile which is the subject matter of this case was not the property of the Debtor, the automobile being titled in the Debtor's estranged husband's name.

3. The Plaintiff (Debtor) has argued that North Carolina's equitable distribution statute, N.C.GEN STAT § 50–20, et sec. creates an interest, either at equity or at law, in the Debtor. The Plaintiff has cited certain community property cases in the assertion of that interest.

4. It is the opinion of this court that the equitable distribution law of North Carolina as applied in this case, does not create any property interest in the Debtor recognizable under 11 U.S.C. § 541 in the 1981 Chevrolet which is the subject matter of this action.

5. The Debtor has urged the Court to enjoin the further action of the Defendant to sell its collateral in connection with this proceeding. The Court has declined to do so. There is no doubt that if the Debtor's estranged husband were attempting to sell the automobile, the State Courts may very well enter an Order halting the sale until such time as the Court could determine the interests of the parties within the property. Here, however, there is a secured creditor merely attempting to realize on collateral which is not titled to the Debtor and on which payments have not been made by either the Debtor or her spouse for quite some time.

NOW, THEREFORE, based on the foregoing findings of fact and conclusions of law, it is hereby ordered that the relief prayed for by the Plaintiff in this proceeding is hereby denied, and the cost of this action be taxed against the Plaintiff herein.

THE COURT FURTHER, declines to enjoin GMAC from continuing its proceedings with regard to the sale of the property; however, the Defendant, GMAC, shall take no action which determines or attempts to determine the personal liability of the Debtor herein, or any act to enforce any judgment or other order against the Debtor.

FURTHER, GMAC shall not take any action which would otherwise violate the automatic stay imposed by 11 U.S.C. § 362. IT IS FURTHER ORDERED that upon completion of the sale of the 1981 Chevrolet automobile, vehicle identification

# 1G1AB6891BA183712, GMAC shall amend its proof of claim to reflect any proceeds received and shall serve notice of that amendment on the Debtor's attorney herein.